IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MISTY SUNSHINE BANDA-LOPEZ, aka MISTY SUNSHINE MORAN, Plaintiff, v. WELPATH MEDICAL DIRECTOR DOE, *et al.*, Defendants. | Case No. 5:24-cv-331-MTT-AGH |

### ORDER

*Pro se* Plaintiff Misty Sunshine Banda-Lopez, aka Misty Sunshine Moran, a prisoner at Pulaski State Prison in Hawkinsville, Georgia, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed *in forma pauperis* (ECF No. 2). As explained below, her motion for leave to proceed without prepayment of the filing fee is granted, but Plaintiff is directed recast her complaint within fourteen days.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). As it appears Plaintiff is unable to pay the cost of commencing this action, her application to proceed *in forma pauperis* is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, she must still pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, she must pay the filing fee in a lump sum. If

sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that she is unable to pay an initial partial filing fee. *See* Prisoner Account Certification, ECF No. 5. Accordingly, it is **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

I.   Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to her prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he or she is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It

is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release from Custody</u>

Plaintiff should keep in mind that her release from incarceration does not release her from her obligation to pay the installments incurred while she was in custody. Plaintiff remains obligated to pay those installments justified by the income in her prisoner trust account while she was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's complaint may be dismissed if she is able to make payments but fails to do so or if she otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

Courts must conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same.

Here, Plaintiff's complaint is an amalgamation of medical lab results intertwined with Plaintiff's allegations as to events surrounding these lab results. *See* Compl. 6-9, ECF No. 1. The Court finds that Plaintiff failed to comply with

Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a)(2)-(3). Plaintiff further failed to link a constitutional claim to her named Defendants. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Furthermore, Plaintiff names "Welpath [sic] Medical Director/HSA" and "GA Department of Health Services" as Defendants—an apparent attempt to seek liability due to a supervisory role. Compl. 4. However, Plaintiff cannot sue any defendant under a theory of *respondeat superior* or vicarious liability. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability"); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in

the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Moreover, the Eleventh Amendment bars lawsuits directly against a state or its agencies like the "GA Department of Health Services" because they are protected by sovereign immunity. *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) ("The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity."); *Bailey v. Silberman,* 226 F. App'x 922, 924 (11th Cir. 2007) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Therefore, any attempt by Plaintiff to hold the State of Georgia or any of its agencies liable in a § 1983 civil rights complaint is futile and subject to dismissal.

Plaintiff has one opportunity to remedy the defects with her current complaint as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it."). To proceed, Plaintiff is required to submit an amended complaint on the Court's standard form for § 1983 complaints. Plaintiff should thoroughly and completely answer each question presented in the Court's standard complaint form including but not limited to those questions that inquire about the filing and appealing of grievances. The recast complaint must contain a

caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that she is pursuing in this action. It is also recommended that, when drafting the statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant?

Plaintiff should note that not "every claim by a prisoner that [she] has not received adequate medical treatment states a violation of the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). In fact, care provided to a prisoner need not be "perfect, the best obtainable, or even very good." *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991) (citation omitted). To sustain a claim of deliberate indifference to serious medical needs under the Eighth Amendment, a plaintiff must show (1) that the medical need is serious; and (2) that prison officials acted with deliberate indifference

to this serious need. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). As to the first element, the medical condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). As for the second element, an official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Eleventh Circuit has emphasized "that 'the deliberate indifference standard . . . is far more onerous than normal tort-based standards of conduct sounding in negligence[.]'" *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (alteration in original) (quoting *Swain v. Junior*, 961 F.3d 1276, 1287-88 (11th Cir. 2020)). Thus, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. A prisoner asserting an Eighth Amendment deliberate-indifference claim "must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,'" which requires a plaintiff to "show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[.]" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839, 844-45).

Therefore, in putting forth her statement of claim, Plaintiff must make clear to this Court that her medical condition constitutes a serious medical need and that

each named Defendant acted with deliberate indifference and was not merely negligent in her medical care. Plaintiff should state her claims as simply as possible in everyday language referring only to the relevant allegations against the named Defendants in this case. She should refrain from using medical or legal terminology that is not easily understood or recognizable. She is also not required to cite to any specific statute or case law to state a claim, although the Court will assume that Plaintiff's claims are brought under § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8.

Plaintiff's recast complaint shall take the place of all allegations made in the original complaint; the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to this lawsuit should be clearly stated in the recast complaint, even if Plaintiff previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of the complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number,[1]

---

[1] A plaintiff may join defendants in one action only if she asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "To determine if claims arise out of the same transaction, occurrence, or series of transactions or occurrences, we use the logical relationship test, which asks whether 'the same operative facts serve as the basis of [the] claims.'" *Daker v. Barnes*, No. 21-13801, 2024 WL 3373557, at *3 (11th Cir. July 11, 2024) (alteration in original) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). Just because alleged events occur to one prisoner throughout incarceration at various prisons or even in one prison does not necessarily make claims about those allegations related under Rule 20. *See*

the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court not to join unrelated claims. *See Toenniges v. Warden*, 672 F. App'x 889, 890-91 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences"); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) ("[T]he district court did not abuse its discretion in dismissing [the plaintiff's] case without prejudice because [the plaintiff] failed to comply with . . . Rule 20(a)"). ***The complaint must be no longer than ten (10) pages in its entirety.*** Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff is **ORDERED** to recast her complaint on the Court's standard § 1983 form as instructed within **FOURTEEN (14) DAYS** from the date of this Order. While this action is pending, Plaintiff is also required to immediately inform the Court in writing of any change in her mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006). There will be no service of process upon any Defendant until further order of

---

*e.g., Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010).

the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with a service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 10th day of February, 2025.

　　　　　　　　　　　　　　　　　　 s/ *Amelia G. Helmick*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE