IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MISTY SUNSHINE BANDA-LOPEZ,** aka **MISTY SUNSHINE MORAN,** : : : **Plaintiff,** : : v. : : **WELPATH MEDICAL DIRECTOR DOE,** *et al.*, : : **Defendants.** : | Case No. 5:24-cv-00331-MTT-AGH |

### ORDER

*Pro se* Plaintiff Misty Sunshine Banda-Lopez, aka Misty Sunshine Moran, a prisoner at the Pulaski State Prison in Hawkinsville, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. On February 10, 2025, an initial review of Plaintiff's complaint found that the complaint violated Rule 8 of the Federal Rules of Civil Procedure and that it failed to link any constitutional claim to the named Defendants. ECF No. 6 at 3-5. Thus, Plaintiff was ordered to recast her complaint and was provided instructions on how to do so. ECF No. 5. Markedly, Plaintiff was instructed that she must submit her amended complaint on the Court's standard form for § 1983 complaints, that she "should state her claims as simply as possible in everyday language referring only to the relevant allegations against the named Defendants in this case", and that she "should refrain from using medical or legal terminology that is not easily understood or recognizable." *Id*. at 5, 8. Lastly, she was directed that her "***complaint must be no longer than ten (10) pages in its entirety***" and that she "is not to include any exhibits or attachments." *Id*. at 9

(emphasis from original). Plaintiff was cautioned that failure to fully comply with the Court's order could result in dismissal of this action. *Id*.

Plaintiff failed to recast her complaint as ordered. Instead, she filed a 257 page pleading primarily comprised of health records with obscure medical terminology. *See* ECF No. 9. The pleading presented no clear statement of claim and again named Defendants without properly linking a constitutional claim to any of them. *Id*. Therefore, on May 8, 2025, the Court notified Plaintiff that she failed to comply with an order of the Court. ECF No. 11. Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order. *Id*. The Court unambiguously informed Plaintiff that this action could be dismissed if she failed to respond to the order to show cause or otherwise file a recast complaint that complies with the Court's February 10, 2025 Order. *Id*. Plaintiff was given fourteen (14) days to respond. Plaintiff failed to respond.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute this case, this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint

2

for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 17th day of June, 2025.

S/ Marc T. Treadwell_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
